UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GEORGE MICHAEL DECRESCE,

       Plaintiff,      1:14-CV-1392
                (GTS/DJS)
v.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY

       Defendant.
_____

APPEARANCES:            OF COUNSEL:

LAW OFFICES OF STEVEN R. DOLSON  STEVEN R. DOLSON, ESQ.
 Counsel for Plaintiff
126 North Salina Street, Suite 3B
Syracuse, NY 13202

SOCIAL SECURITY ADMINISTRATION  DAVID B. MYERS, ESQ.
OFFICE OF REG'L GEN. COUNSEL–REGION II
 Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this Social Security action filed by George Michael Decresce ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") seeking disability insurance benefits pursuant to 42 U.S.C. § 405(g), are the parties' cross-motions for judgment on the pleadings. (Dkt. Nos. 10, 11.) For the reasons set forth below, Plaintiff's motion is denied and Defendant's cross-motion is granted.

I.   RELEVANT BACKGROUND

   A.   Factual Background

Plaintiff was born on January 17, 1949. He completed a high school education. Plaintiff's employment history consists of military service and a career as an electrician. Generally, Plaintiff's alleged disability consists of Crohn's Disease and pulmonary sarcoidosis. Plaintiff's alleged disability onset date is September 30, 2007, and his last date insured is December 31, 2013.

   B.   Relevant Procedural History

On November 28, 2011, Plaintiff filed an application for a period of disability and disability insurance benefits. Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On April 24, 2013, Plaintiff appeared before the ALJ, Dale Black-Pennington. (T. 11.) On June 6, 2013, the ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 11-18.) On September 29, 2014, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

   C.   The ALJ's Decision

Generally, in his decision, the ALJ made the following six findings of fact and conclusions of law. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (T. 13.) Second, the ALJ found that Plaintiff's Crohn's disease and pulmonary sarcoidosis are severe impairments. (*Id.*) Third, the ALJ found that Plaintiff's impairments do not meet or medically equal one of the listed impairments located in

20 C.F.R. Part 404, Subpart P, Appendix. 1. (*Id.*) Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform the full range of medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c).[1] (T. 13.) Fifth, the ALJ found that Plaintiff is unable to perform his past relevant work. (T. 17.) Sixth, and finally, the ALJ determined that Medical-Vocational Rule 203.17 directed a finding of "not disabled." (*Id.*)

## II. THE PARTIES' BRIEFINGS ON THE ALJ'S DECISION

### A. Plaintiff's Arguments

Plaintiff's sole argument is that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to assign controlling weight to the treating source opinion that Plaintiff could lift no more than twenty (20) pounds and could stand for only four (4) hours and walk for only one (1) hour in a day. (Dkt No. 10, at 2-3 [Pl.'s Mem. of Law].) These findings, if accepted, would have resulted in an RFC of "light" because an RFC of "medium" requires a claimant to lift at least twenty-five (25) pounds frequently. 20 C.F.R. §§ 404.1567(c), 416.967(c).

### B. Defendant's Arguments

Generally, Defendant argues that the ALJ's decision is supported by substantial evidence. (Dkt. No. 11, at 2 [Def.'s Mem. of Law].) Specifically, Defendant argues that the opinions of the treating physician were not entitled to controlling weight because they were not well

---

[1] According to the regulations,

> Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

20 C.F.R. §§ 404.1567(c), 416.967(c).

3

supported by medically acceptable clinical and laboratory diagnostic techniques and were contradicted by substantial record evidence. (*Id.* at 5-12.)

## III. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides,

4

because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

B.      **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past

5

> work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## IV. ANALYSIS

After carefully considering the matter, the Court denies Plaintiff's motion and grants Defendant's cross-motion, for the reasons provided by Defendant. (Dkt. No. 11.) To those reasons, the Court would only add the following analysis.

The opinion of a treating source is entitled to controlling weight only if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the ALJ does not give the opinion controlling weight, the ALJ must determine how much weight to give the opinion using the following factors: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist." *Id.* An ALJ is required to set forth his reasons for the weight he assigns to the treating physician's opinion. *Id.*; *see also* SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (quoting *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 [2d Cir.1998]). However, where an ALJ's reasoning and adherence to the Regulations is clear, he is not required to explicitly go through each and every factor of the Regulation. *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013).

6

Here, the ALJ gave "limited weight" to the Physical Capacities Evaluation of January 25, 2013, which was submitted by Plaintiff's treating physician, Dr. Arnold. (T. 16-17.) He did not assign Dr. Arnold's opinions controlling weight because "[Dr. Arnold's] medical records do not support the limitations he has stated; the medical records of the claimant's pulmonary and gastrointestinal specialists support a finding that the Chrohn's disease was stable and controlled on medication, and his remote history of sarcoidosis is asymptomatic and does not require treatment." (T. 17.) The Court finds this analysis to be correct. Dr. Arnold's opinions in the Physical Capacities Evaluation are contradicted by substantial medical evidence and are therefore not entitled to controlling weight under the Regulations.

More specifically, the medical evidence of record contradicts the assertion that Plaintiff's Crohn's disease or sarcoidosis could cause the limitations found by Dr. Arnold. Dr. Arnold's own treatment notes repeatedly state that Plaintiff's Crohn's disease is "much improved" with medication. (T. 283-91.) Treatment records from Plaintiff's gastroenterology specialists indicate that Plaintiff "has had excellent control of his symptoms." (T. 189.) As for Plaintiff's sarcoidosis, a treating pulmonary specialist found that the sarcoidosis did not cause any significant symptoms, even without medication. (T. 362.) Plaintiff also admitted at the hearing that both his conditions are well controlled. (T. 34-35.)

Nevertheless, Dr. Arnold opined that Plaintiff can lift no more than twenty (20) pounds, and that Plaintiff can only stand for four (4) hours and walk for one (1) hour in a day. (T. 368.) Given that both Plaintiff's conditions are well controlled or asymptomatic, Dr. Arnold's opinions do not appear to be based on any objective medical evidence. Plaintiff contends that "there is nothing within the administrative transcript contradicting these opinions." (Dkt. No. 10, at 3.)

Defendant characterizes this statement as "misleading." (Dkt. No. 11, at 6.) The Court is inclined to agree with Defendant. There is, in fact, "[something] within the administrative transcript contradicting these opinions." Specifically, at his hearing, Plaintiff stated, "I can stand probably all day if I stood still. You know I don't have a problem standing." (T. 36.) He also testified that he could lift thirty (30) to forty (40) pounds. (T. 37.)

Plaintiff argues that Dr. Puri's consultative examination, performed almost a year before Dr. Arnold penned the opinions at issue, supports Dr. Arnold's opinions because Dr. Puri recommended that Plaintiff avoid "strenuous activity." (Dkt. No. 10, at 3.) Dr. Puri, however, neither defined "strenuous activity" nor offered any opinions of Plaintiff's ability to lift, stand, or walk. (T. 251.) Neither case law nor the regulations define "strenuous activity." Under these circumstances, there is no reason to conclude that Dr. Puri's vague recommendation to avoid "strenuous activity" included the limitations in Dr. Arnold's opinion.

Once the ALJ properly determined that Dr. Arnold's opinion was not entitled to controlling weight, he needed to consider the factors in 20 C.F.R. § 404.1527. (T. 14.) Although he did not make a factor-by-factor recitation, it is clear from his analysis that the ALJ considered (1) the evidence in support of the opinion, (2) the opinion's consistency with the record as a whole and (3) whether the opinion is from a specialist. (T. 14; *see also* 20 C.F.R. § 404.1527[3]-[6].) Insofar as the ALJ's analysis does not clearly show whether he considered the frequency of examination and the length, nature, and extent of the treatment relationship (20 C.F.R. § 404.1527[2]), the error would be harmless. Treatment notes from Dr. Arnold's office indicate that Plaintiff visited only five (5) times between 2010 and 2013, for what appear to be routine check-ups. (T. 283-89, 347-59.) Most of Plaintiff's treatment appears to have been

performed by specialists, all of whom contradict Dr. Arnold's January 2013 opinions.  Under the circumstances, it was not improper for the ALJ to give "limited weight" to an unsupported and contradicted set of opinions, even those of a treating physician.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED** that Defendant's cross-motion for judgment on the pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's decision denying disability benefits is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: October 9, 2015
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief, U.S. District Judge